MATHEWS, Justice.
This suit is not between private individuals but is between the Board of Public Instruction- of Madison County, Florida, operating under Article XII of the Constitution of the State, F.S.A. and' valid statutes of the Legislature in conformity with said Article XII, and the City of Madison, a municipal corporation, operating under and within its charter powers. It is true that one-J. O. McDonald, who owns some property and claims some rights in the street involved in this litigation, was made a party defendant to the suit brought by the Board of Public Instruction of Madison County.
In 1927 the trustees of the school district in question acquired and became the owner óf a one-acre tract of land described in the bill of complaint1 and in that year erected a school building on said land. During the same year the City of Madison graded a street on the northern portion of the property and has kept the street in a state of repair, since1 that time and the same has been used by the public. In 1953-the school authorities acquired some land immediately North of the one-acre tract and, in expanding the school system, desired to close the street and construct a building on the land covered by the street and also the land acquired by it in 1953. McDonald claimed some rights in the street by reason of his ownership of land in that vicinity.
The powers, duties and authority of the Board of Public Instruction with reference to this matter are fully set forth in Article XII of the State Constitution. Taxes can only be levied by a school district “for the exclusive use of public free schools within the district”. Section 10, Article XII, State Constitution. Property can only be acquired by a school district for educational purposes. Section 11, Article XII, State Constitution. “No law shall be enacted authorizing the diversion or the lending of any County or District School Funds, or the appropriation of any part of the permanent or available school Fund to any other than school purposes”. Section 13, Article XII, State Constitution.
The appellants raise the question of estoppel or Statute of Limitations and also claim that notwithstanding the street in question is over school, -property, the City of .Madison has exclusive power and authority to open or close streets by reason of its charter powers. The charter of Madison is, nothing more than a law enacted by the Legislature and Section 13 of Article XII of the State Constitution prohibits the enactment of any law which would authorize the diversion or the lending of any county or district school funds. School funds cannot be diverted and can only be used for a school purpose. The charter' of- the City of Madison could not give any authority to open or close streets over school property when such property is needed for a school purpose. The fact that the City of Madison may have graded a street across a portion of the school property not needed at. that time for a school building would not give the City of Madison any authority or power to keep the street open and prevent school authorities using the property, for school purposes when needed.
The able Circuit Judge who heard the case made and entered a final decree *915 which contained an exhaustive opinion on this subject. In the final decree he stated:
“From the allegations of the complaint it seems that the trustees of a school district, in the year 1927, owned the one acre of land described in paragraph 2 of the complaint and in that year erected a school building on said acre, and that also on or about that same year the town of Madison graded a street 35 feet wide on and along the north side of said acre, and has since that time kept the street in a state of repair,' and . the public has used the same as a public street. Immediately ■north of said one acre the school authorities, in 1953, acquired other lands for school purposes and desire to close-the alleged street along the north side, of said acre of land and construct a building on the alleged street and on the land acquired in 1953. As the court understands it Mr. McDonald does not own any land immediately north of the said one acre of land, and the closing of said street would not close the outlet from his property to the street in front of his property, but that the closing of the said street at the place where plaintiff desired to close it would prevent the tenants of Mr. McDonald from travelling to the ‘ eastward, but would not prevent them from travelling to the-westward.
a * * * * *
“ * * * It does not seem to the court that the facts set forth in the pleadings are sufficient to show that the alleged street has been acquired as a public street by dedication or prescription, or that the facts pleaded' show an estoppel against the plaintiff.
⅜ ⅜ ⅜ ⅜ ⅜ ⅜*
“The Court finds, from the facts set forth in the pleadings, that the plain- ■ tiff has the right and authority to close the street along and at'the north side of the one acre of land hereafter de- " scribed.”
The appellants have failed to meet the burden placed upon them of showing any reversible error in the final decree.
Affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.